UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COUNTY OF ELKO,<br><br>    Plaintiff,<br><br> v.<br><br>BOB FARRELL; et al.,<br><br>    Defendants. | 3:12-cv-0568-LRH-VPC<br><br>ORDER |

Before the court is plaintiff the County of Elko, Nevada's ("County") motion to remand. Doc. #10. Defendants Bob Farrell and Brent Palmer (collectively "defendants") filed an opposition (Doc. #13) to which the County replied (Doc. #14).

**I.     Facts and Procedural History**

Plaintiff County filed an application for a permanent injunction against defendants in state court seeking to keep defendants from using certain property owned by the County and accessing certain areas within the County. Doc. #1, Exhibit A. Defendants removed the application to federal court on the basis of federal question jurisdiction. Doc. #1. Thereafter, the County filed the present motion to remand the application back to state court. Doc. #10.

**II.    Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

1  defendants, to the district court of the United States for the district and division embracing the
2  place where such action is pending." 28 U.S.C. § 1441(a).
3        Removal of a case to a United States district court may be challenged by motion. 28 U.S.C.
4  § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal
5  statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock*
6  *Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566
7  (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against
8  removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67;
9  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).
10 **III.   Discussion**
11       A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C.
12 § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that
13 federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a
14 substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust*
15 *for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).
16       The underlying application for a permanent injunction involves County property and was
17 brought under state law. *See* NRS 244.270 (giving the County power to control its own property).
18 Based on the face of the application, the County alleges only a state law claim insufficient to grant
19 federal question jurisdiction. Thus, the court finds that the County's state law claim does not arise
20 under federal law and the court cannot exercise federal question jurisdiction. Accordingly, the court
21 shall grant the motion to remand.
22 ///
23 ///
24 ///
25 ///
26

1  IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #10) is
2  GRANTED. The clerk of court shall REMAND this action back to the Fourth Judicial District for
3  the State of Nevada.
4  IT IS SO ORDERED.
5  DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE